# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MARQUIS DUSHAN BRUMFIELD,

    Plaintiff,

vs.

UNKNOWN,[1]

    Defendant.

No. 24-CV-0102-CJW-MAR

**MEMORANDUM, OPINION, and ORDER**

This matter is before the Court on a pro se filing (Doc. 1) which the Clerk of Court filed as a Title 42, United States Code, Section 1983 complaint filed by plaintiff Marquis Brumfield. In his filing, Brumfield alleges, among other issues, that his right to access the courts was violated by the lack of a law library in the Anamosa State Penitentiary, in Anamosa, Iowa.

Typically, for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* Title 28, United States Code, Section 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined.[2] *See* Section 1915(a)(2). However, an incarcerated plaintiff is prohibited from applying to proceed in forma pauperis if he or she has three qualifying

---

[1] For the purpose of opening the case, the Clerk of Court listed "Warden" and "Iowa State Penitentiary Staff" as defendants. The Clerk of Court is directed to change the defendant in this case to "Unknown."

[2] Plaintiff is currently incarcerated at the Iowa State Penitentiary in Fort Madison, Iowa.

"strikes" pursuant to Title 28, United States Code, Section 1915(g).[3] Plaintiff has three qualifying strikes. (*See* 20-CV-2094-CJW-MAR, Doc. 2, at 17 (denying plaintiff's motion to proceed in forma pauperis because he has at least three qualifying strikes)). Because plaintiff has three strikes, he is given 30 days from the date of this order to pay the full $405 filing fee in the appropriate manner required by the Clerk of Court.[4] If plaintiff does not pay the filing fee, this case will be dismissed with no further order of the court.

Additionally, a pro se litigant "is not excused from complying with procedural rules, including Federal Rule of Civil Procedure 8, which requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam) (citation omitted). There are numerous issues with plaintiff's handwritten filing, including that he does not provide a short and plain statement of his claim, he does not name any defendants, nor does he allege how particular defendants violated his rights. Accordingly, plaintiff is given 30 days from the date of this order to file an amended complaint using the standard Section 1983 form and setting out claims that specific defendants committed specific violations of his rights. The amended complaint will supersede plaintiff's previous filing. If plaintiff fails to file an amended

---

[3] That Section states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g). Plaintiff does not allege he is in danger of serious injury.

[4] This includes the $350 filing fee set out by Title 28, United States Code, Section 1914(a) and the additional $55.00 administrative fee required when filing all civil actions. *See Id.*, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52. . .")

complaint within thirty days, this case will be dismissed with no further order of the Court for failure to state a claim pursuant to Title 28, United States Code, Section 1915A. The Clerk of Court is **directed** to send plaintiff the standard Section 1983 form.

**IT IS SO ORDERED** this 19th day of September, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa